# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**Kandace Griffin**,

    Petitioner,

v.

**Jennifer Saad,** Warden

    Respondent.

**Civil No.: 1:16-CV-17**
**(JUDGE KEELEY)**

## REPORT AND RECOMMENDATION

This case is before the undersigned for consideration of *pro se* Petitioner Kandace Griffin's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Respondent's Motion and Memorandum to Dismiss or, in the Alternative, for Summary Judgement and Response to Order to Show Cause, and Petitioner's Response in Opposition to Respondent's Motion. ECF Nos. 1, 11, 12, 15.

### I. Procedural History

On February 8, 2016, Petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and a Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 1, 2. That same day, Petitioner was sent a Notice of General Guidelines for Appearing *Pro Se* in Federal Court. ECF No. 4. On February 9, 2016, an Order by the undersigned granted *in forma pauperis*; however, Petitioner was required to pay the five dollar filing fee. ECF No. 5. On February 19, 2016, Petitioner paid the five dollar filing fee. ECF No. 8. On February 22, 2016, the undersigned ordered Respondent to show cause as to why the writ should not be granted. ECF No. 9.

1

On March 14, 2016, Respondent answered with a Motion to Dismiss or, in the Alternative, for Summary Judgement and Response to Order to Show Cause and Memorandum in Support of Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause. ECF Nos. 11, 12. A Roseboro Notice was issued to the Petitioner by the undersigned on March 15, 2016, pursuant to Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir. 1975), instructing Petitioner of her rights to file a response to Respondent's Motion and Memorandum. ECF No. 13. Petitioner filed a Response in Opposition to Respondent's Motion and Memorandum on March 25, 2016. ECF No. 15.

## II.  Facts

On February 25, 2013, Petitioner was arrested by Drug Enforcement Administration agents on drug charges in Cherokee, North Carolina. ECF No. 12-1 at ¶ 2. On April 11, 2013, Petitioner was released on bond. Id. On August 28, 2013, Petitioner was arrested by local law enforcement officers on drug charges in Swain County, North Carolina. Id. at ¶ 3.

On September 11, 2013, Petitioner was sentenced by the Cherokee Tribal Court to a term of imprisonment of six (6) months for Possession of a Controlled Substance. Id. at ¶ 4. On September 17, 2013, while serving her Cherokee Tribal Court sentence, Petitioner was temporarily taken into federal custody by the United States Marshals Service on a federal writ of habeas corpus ad prosequendum (hereinafter "WHCAP"). Id. at ¶ 5. On February 24, 2014, while stile on the WHCAP, Petitioner completed her Cherokee Tribal Court sentence. Id. at ¶ 6.

On October 9, 2014, the United States District Court for the Western District of North Carolina sentenced Petitioner to a term of imprisonment of seventy (70) months for

2

Conspiracy to Possess with Intent to Distribute a Schedule II Controlled Substance. Id. at ¶ 7. On June 5, 2015, Petitioner received an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), reducing her sentence from seventy (70) months to fifty-seven (57) months. Id. at ¶ 8. Based upon this Order, the Bureau of Prisons prepared a sentence computation. Id. at ¶ 9. The Bureau of Prisons determined that Petitioner's sentence commenced on October 9, 2014, the same day she was sentenced. Id. Further, the Bureau of Prisons determined Petitioner earned prior custody credit from February 25, 2013 through April 11, 2013 and from February 25, 2014 (the day after she completed her six (6) month sentence with the Cherokee Tribal Court) through October 8, 2014. Id.

### III. The Pleadings

**A. The Petition**

First, Petitioner asserts that the Bureau of Prisons unlawfully computed her sentence because she has been in continuous custody since August 28, 2013. ECF No. 1 at 6. Second, Petitioner asserts that the Bureau of Prisons unlawfully denied her credit for time served in federal custody. Id. at 9. For relief, Petitioner requests this Court to credit her federal sentence with time served from August 28, 2013 through October 8, 2014, the day before she was sentenced, and for this Court to honor the original calculation from the Bureau of Prisons dated June 10, 2015[1]. Id. at 15.

**B. Respondent's Motion and Memorandum**

In response to Petitioner's claims, Respondent first asserts that Petitioner's federal sentence commenced on October 9, 2014, the day the sentence was pronounced. ECF

---

[1] Presumably, Petitioner is referring to the Order Regarding Motion for Sentence Reduction on June 5, 2015. ECF No. 12-1 at ¶ 8.

3

No. 12-1 at ¶ 9. As outlined in the Declaration of Alan Ray, "The Bureau of Prisons prepared a sentence computation on Petitioner, based on a 57-month term of imprisonment in Case # DNCW213CR00002-003. Petitioner's sentence commenced on October 9, 2014, the same day she was sentenced. She received prior custody credit from February 25, 2013 through April 11, 2013 and from February 25, 2014 (the day after she completed her 6 month Tribal Court) through October 8, 2014." Id. Second, Respondent asserts Petitioner is not entitled to the credit she seeks because such time was credited to her six (6) month sentence from the Cherokee Tribal Court. Id. at 5-7.

**C. Petitioner's Response**

Petitioner responded asking this Court not to dismiss her petition reiterating such reasons stated in her petition. ECF No. 15. Petitioner asks for credit for the time spent in Cherokee Tribal custody from August 28, 2013 through September 16, 2013. Id. Further, she seeks credit for the time spent in custody while on the WHCAP from September 17, 2013 through February 24, 2014. Id.

## IV.   Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed

in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded

complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V. Analysis

**A. Primary Jurisdiction**

A WHCAP is a "…mere loan [of] the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute criminalizing escape from federal custody." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008). A jail sentence does not begin to run when a prisoner is under the custody of a WHCAP. See Thomas v. Whalen, 962 F.2d 358, 360-61 (4th Cir. 1992); see also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (finding that under writ, primary jurisdiction over the prisoner remained with the state until state authorities relinquished the prisoner to federal custody on satisfaction of the state obligation). Thus, the primary jurisdiction of a prisoner, state or federal, does not change when he or she is under a WHCAP.

In the instant case, pursuant to Evans, Petitioner's primary jurisdiction did not change when she was temporarily taken into federal custody under a WHCAP on September 17, 2013. ECF No. 12-1 at ¶ 11. Therefore, from September 17, 2013 through February 24, 2014, the date she completed her sentence imposed by the Cherokee Tribal Court, Petitioner remained under state jurisdiction although she was in temporary federal custody. Thus, credit for this time period was applied to Petitioner's Cherokee Tribal sentence. Id.

**B. Sentence Calculation**

The Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

(emphasis added).

In Wilson, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. 329 at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See United States v. Brown, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); United States v. Goulden, 54 F.3d 774, 1995 WL 298086 (4th Cir. May 17, 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

In the instant case, pursuant to Wilson, Petitioner cannot receive credit against her federal sentence for the time spent in custody from August 28, 2013 through September 16, 2013 and from September 17, 2013 through February 24, 2014, because such time was credited to her Cherokee Tribal Sentence. ECF No. 12-1 at ¶¶ 10-11. Thus, pursuant to Wilson, this Court cannot credit such time to her federal sentence because she cannot receive double credit for detention time.

### IV.    Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or for Summary Judgment" **[ECF No. 11]** be **GRANTED**, and that

Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

DATED: May 20, 2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE